**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| MATTHEW C. MCKINNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:10-CV-41 |
| | ) | |
| MARK LEVENHAGEN, Superintendent, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte,* pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, the Court **DENIES** Plaintiff leave to proceed against Defendant and **ORDERS** the clerk to **DISMISS** the complaint pursuant to 28 U.S.C. § 1915A(b)(1).

BACKGROUND

Pro se Plaintiff, Matthew McKinnon, a prisoner confined at the Indiana State Prison ("ISP"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging that ISP Superintendent Mike Levenhagen violated his federally protected rights and rights protected by Indiana's constitution by taking away his contact visitation. McKinnon seeks injunctive relief reinstating his contact visitation privileges.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). To survive a motion to dismiss:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> . . . only a complaint that states a plausible claim for

> relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted).

According to the complaint, prison officials charged McKinnon with a violation of the Indiana Department of Correction rules. A disciplinary hearing board ("DHB") found McKinnon guilty of those charges and sanctioned him with a loss of earned credit time and a demotion to a lower credit time earning classification. (DE #1, p. 3.) After the DHB found McKinnon guilty, ISP officials, in a separate administrative action, modified his visiting privileges by taking away his contact visitation. (*Id.*) McKinnon alleges that the subsequent imposition of restrictions on his contact visitation privileges "violated the Petitioner's 'due process' and double jeopardy rights, both protected under the United States and Indiana State Constitution." (*Id*.)

McKinnon brings this action under 42 U.S.C. § 1983, which

provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *See Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege the violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *See West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979). There is no right to visitation secured by the Constitution or laws of the United States. Consequently, McKinnon's claim that the restrictions on his contact visitation violated provisions of the Indiana constitution states no claim upon which relief can be granted under § 1983.

McKinnon also alleges that the imposition of restrictions on his contact visitation in a second action, following the initial prison disciplinary proceeding, violated the Fifth Amendment's double jeopardy clause. The double jeopardy clause, applicable to the states by the Fourteenth Amendment, protects against a second prosecution for the same offense and multiple punishments for the same offense, but its scope is limited to criminal prosecutions. *See Middleton v. Jones*, 421 U.S. 519 (1975). Prison discipline does not constitute "prosecution" for double jeopardy purposes, even if it

delays release from incarceration by depriving the prisoner of good time. *See Garrity v. Fiedler*, 41 F.3d 1150, 1152-53 (7th Cir. 1994). Accordingly, being subjected to a disciplinary action and then being deprived of contact visitation in a subsequent administrative action does not violate the Constitution's double jeopardy clause.

Finally, McKinnon asserts that the restriction on his contact visitation in an administrative action under an IDOC policy without proof that he violated a rule while he was in the visiting area denied him due process of law. The Fourteenth Amendment's due process clause, however, does not protect against every change in the conditions of confinement having a substantial adverse impact on a prisoner. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). A convicted prisoner is entitled to due process only when the conditions imposed work an atypical and significant hardship on him in relation to the ordinary incidents of prison life or where the discipline imposed infringed on rights protected by the due process clause of its own force. Even transferring a prisoner from the general population to a segregation unit does "not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," and is "within the expected parameters of the sentence imposed by a court of law." *Id.* at 485.

There is no Constitutional right to contact visitation, *Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), and inmates have no

independent constitutional right to visitation or to particular forms of visitation. *See, e.g., Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454 (1989); *Smith v. Shettle*, 946 F.2d 1250 (7th Cir. 1991). Moreover, prison officials have considerable discretion in determining the time, place, duration, and conditions of visitation. *See Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999); *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998). The restriction Superintendent Levenhagen placed on McKinnon's visitation falls within the discretion the Constitution affords to prison officials, the restriction does not work an atypical and significant hardship on him in relation to the ordinary incidents of prison life, and it is "within the expected parameters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. at 485.

CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(1), the court **DISMISSES** this complaint.

**DATED: March 22, 2010**

**/s/ RUDY LOZANO, Judge**
**United States District Court**